**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| RON STARKS,<br><br>Plaintiff,<br><br>vs.<br><br>ONE ADVANTAGE, LLC,<br><br>Serve at:<br>7650 Magna Drive<br>Belleville, IL 62223,<br><br>And<br><br>DOES 1-4<br><br>Defendants. | ) | Case No. 3:17-cv-496<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Ron Starks ("Plaintiff"), through counsel, brings this Complaint against Defendant One Advantage, LLC and DOES 1-4 (collectively "Defendants") to secure redress against Defendants for unlawful collection practices that violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and states for his Complaint:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Defendant's acts and transactions aimed at Plaintiff occurred here; and b) Defendant maintains and office and transacts business in this District.

## PARTIES

3. Plaintiff, Ron Starks, is a natural person residing within Saint Louis, Missouri from whom Defendant attempted to collect an alleged debt. He is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692d, and 1692k.

4. Defendant One Advantage, LLC is a Delaware limited liability company with its principle office at 7650 Magna Drive, Belleville, IL 62223. It does business as a debt collector in Illinois and Missouri, among other places. Defendant is licensed as a "collection agency" in the State of Illinois. See record from Illinois Department of Financial and Professional Regulation, attached as **Exhibit A**.

5. DOES 1-4 are principals, agents, owners, and/or entities related to or affiliated with Defendant whose identities are currently unknown.

6. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions. Specifically, the alleged debt at issue is believed to have arisen out of purported sales from Barnes Jewish Hospital for medical products/services.

7. Defendant acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.

8. The principal business purpose of Defendant is the collect of debts in Missouri and elsewhere in the United States, and Defendant regularly attempts to collect debt alleged to be due another.

## FACTUAL ALLEGATIONS

9. On or about January 13, 2017, Defendant sent Plaintiff the letter attached as **Exhibit B**.

10. On information and belief, Plaintiff received Defendant's January 13, 2017 letter around fourteen days after it was sent by Defendant.

***Defendant's Letter Creates False Impression That Plaintiff Could Pay To Avoid Having Defendant Furnish Negative Credit Information When, In Fact, Defendant Had Already Furnished Such Information.***

11. In Defendant's January 13, 2017 letter, Defendant wrote that:

> One Advantage, LLC reports this creditor's accounts with balances of $50.00 or greater to one or more of the credit bureaus. However, if the balance is paid by 02/25/17, this account will not be reported.

**Exhibit B**.

12. Through its misrepresentation, Defendant sought to impart stress and a deceptive sense of urgency upon Plaintiff by making Plaintiff falsely believe that his credit was at risk and that quick action (payment, regardless of any dispute Plaintiff may have had) could help him avoid damage to his credit.

13. In reality, and unbeknownst to Plaintiff, Defendant had reported that account at issue on Plaintiff's credit report before Defendant's January 13, 2017 letter was ever sent.

14. After receiving Defendant's January 13, 2017 letter, Plaintiff expended time, money, and effort (including making arrangements for his travel) to seek legal counsel regarding Defendant's letter as well as Plaintiff's prospects for other options for dealing with the debt.

15. Only after consulting legal counsel, Plaintiff inspected his credit report.

16. Upon checking his credit report, Plaintiff found that Defendant had already reported the three accounts at issue to the credit bureau, Transunion.

17. Plaintiff's credit report further indicates that Defendant actually furnished information about the accounts at issue to the credit bureau on January 12, 2017.

18. Defendant's January 13, 2017 letter was deceptive, false, and misleading in that while Defendant represented to Plaintiff that "if the balance is paid by 02/25/17, this account will not be reported," (**Exhibit B**), Defendant already reported the accounts at issue on Plaintiff's credit report.

19. Furthermore, through the design and presentation of its January 13, 2017, obscured and overshadowed Plaintiff's dispute, validation, and verification rights pursuant to Section 1692g of the FDCPA.

20. Through its conduct, Defendant caused Plaintiff to believe that he could not exercise those rights or that such an exercise would not be honored and that he would be unable to avoid having Defendant damage his credit unless Plaintiff acted within Section 1692g "validation period" regardless of whether he disputed of the debt, or a portion thereof.

***Defendant Furnish Negative Credit Information It Knew Or Should Have Known Was False Because It Incorrectly Reported The Dates of Delinquency Despite Its Knowledge Of The Actual Dates.***

21. In Defendant's January 13, 2017 letter, Defendant sought to collect an "ACCOUNT BALANCE" of $1,744.58. **Exhibit B** at page 1 of 2.

22. In Defendant's January 13, 2017 letter, Defendant further lists three accounts alleged to be owed by Plaintiff. **Exhibit B** at page 2 of 2.

23. Defendant lists the "Date of Service" for these three accounts as 03/06/13, 03/13/13, and 03/28/13, respectively.

24. Plaintiff's credit report further shows that Defendant furnished information it knew to be inaccurate because Defendant reported the "Date Opened" for each of the accounts at issue as January 12, 2017, which Plaintiff hereby disputes.

25. Defendant reported the date of first delinquency, or "Date Opened," for each of the debts at issue as January 12, 2017 even though Defendant's January 13, 2017 letter shows that Defendant knew the "Date of Service" for these three debts as 03/06/13, 03/13/13, and 03/28/13, respectively.

26. It is believed that the actual date of first delinquency for the alleged debts was around May 2013.

27. It is believed that Defendant improperly reported January 12, 2017 as the "Date Opened" because January 12, 2017 was around the time that the debts at issue was placed/assigned to Defendant from the creditor so Defendant could begin its collection attempts.

28. Regardless, Defendant's January 13, 2017 listed the "Date of Service" for these three debts as 03/06/13, 03/13/13, and 03/28/13, respectively, which provide Defendant sufficient information for it to know that the debts allegedly incurred in 2013 has first become delinquency long before January 12, 2017.

29. Therefore, Defendant knew or should have known that when it reported January 12, 2017 as the "Date Opened" for the accounts at issue this information was false and inaccurate because the date of delinquency of each of the account at issue was actually sometime around May 2013.

30. Upon information and belief, the creditor had either placed the alleged debts for in-house collection or charged off the debts around May 2013.

31. Upon information and belief, the creditor actually informed Defendant that the creditor had either placed the alleged debts for in-house collection or charged off the debts around May 2013.

32. The "Date Opened"/date of first delinquency field within a consumer's credit file is extremely important as it sets the date for calculating the start of the obsolescence period under section 1681c of the Fair Credit Reporting Act ("FCRA").

33. It the industry standard among data furnishers, including debt collectors such as Defendant that the date of the very first delinquency of a particular debt must be reported to any credit bureau as the "Date Opened"/date of first delinquency. *See, e.g.*, Consumer Data Indus. Ass'n, Inc., Credit Reporting Resources Guide at 4-17, 5-30, 6-15 (Frequently Asked Question 24) and 10-4 (2012) ("Metro 2 Manual"). Failure to adhere to this industry standard results in inaccurate information being furnished to credit bureaus and illegally extends the FCRA Section 1681c obsolescence period.

34. Defendant knew or should have known that it must report the "Date Opened"/date of first delinquency as the date the debt became in default and/or first charged to profit and loss by the creditor because the proper method of reporting this data has been well-publicized in the collection industry. *See* Letter from Stuart Pratt, President and CEO, Consumer Data Indus. Ass'n, to Third-Party Collection Agencies and Debt Purchasers; ACA Int'l, CDIA Issues Data Furnisher Requirements (2007).

35. By furnishing an inaccurate first date of delinquency to credit bureau(s) regarding Plaintiff's account, Defendant effectively "re-aged" the accounts at issue without a legal basis for doing so, and therefore, will cause the alleged debts at issue to negatively affect

plaintiff's credit for a period of time longer than the 7-year period from the date of original delinquency permitted by law.

36. Thus, Defendant violated 15 U.S.C. § 1692e(8) by furnishing dates of delinquency that Defendant knew or should have known were inaccurate because those dates reflect the time at which the accounts at issue were placed with the debt collector rather than the date that the underlying accounts were charged off and/or delinquency with the original creditor.

37. Defendant further violated 15 U.S.C. § 1692e(2)(A) by making a false representation about the “character, amount, or legal status of any debt when it furnished to the credit bureau(s) incorrect dates of delinquency for the alleged debts.

38. Defendant’s act of furnishing an inaccurate first date of delinquency to credit bureau(s) regarding Plaintiff’s account was an unfair, unconscionable, abusive, and oppressive attempt to gain leverage over Plaintiff to assist Defendant’s attempts to collect the alleged debt.

39. Defendant’s misrepresentations and conduct were material in that, among other things, they inaccurately and illegally adversely affected Defendant’s credit, among other things. Defendant’s misrepresentations were material for purposes of 15 U.S.C. § 1692e. *But see Janetos v. Fulton Friedman & Gullace*, 825 F.3d 317, 324 (7th Cir. 2016) (holding that evidence of confusion or materiality unnecessary to prove violations of Section 1692g).

40. Plaintiff never entered into any agreement consenting to arbitrate disputes between himself and Defendant or waiving his right to a trial by jury.

41. All of Defendant’s actions complained of herein occurred within one year of the date of this Complaint.

42. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

43. Defendant's conduct has caused Plaintiff to suffer damages including and as a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff also has suffered shame, humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

44. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

45. Specifically, Section 1692g dictates that "[a]ny collection activities and communication during the 30-day period [i.e., the "validation period"] may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). During 2006, Congress amended 15 U.S.C. § 1692g to expressly prohibit overshadowing "collection activities."

46. Also, Section 1692e dictates that:

> [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt
>
> . . .

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C §§ 1692e, (2)(A), (8), & (10).

47. Here, Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct and that are fairly traceable to the challenged representations of Defendant.

48. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

49. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000) (citing *Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994)).

## COUNT I: VIOLATION OF THE FDCPA

1. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

2. In its attempts to collect the alleged debt from Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 *et. seq*, including but not limited to the following:

   a. Violating 15 U.S.C §§ 1692e, (2)(A), & (10) by making a false representation about the "character, amount, or legal status of any debt when it furnished to the credit bureau(s) incorrect dates of delinquency for the alleged debts;

   b. Violating 15 U.S.C. § 1692e(8) by furnishing dates of delinquency that Defendant knew or should have known were inaccurate because those dates reflect the time at which the accounts at issue were placed with the debt collector rather than the date that the underlying accounts were charged off and/or delinquency with the original

creditor, and thereby, furnishing false information on Plaintiff's credit sufficient to cause the alleged debts to negatively affect plaintiff's credit for a period of time longer than the 7-year period from the date of original delinquency permitted by law;

c. Violating the FDCPA in a material manner through deceptive, false, and misleading representations in Defendant's January 13, 2017 letter where Defendant represented to Plaintiff that "if the balance is paid by 02/25/17, this account will not be reported," even though Defendant already reported the accounts at issue on Plaintiff's credit report, 15 U.S.C. §§ 1692e & (10);

d. Overshadowing Plaintiff's dispute, validation, and verification rights by 15 U.S.C. § 1692g; and

e. Violating the FDCPA by furnishing an inaccurate first date of delinquency to credit bureau(s) regarding Plaintiff's alleged debts so that the debts would remain on Plaintiff's credit longer and, thereby, attempt to gain unfair, unconscionable, abusive, and oppressive leverage over Plaintiff, 15 U.S.C. § 1692d-f.

3. Each of Defendant's violations of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff respectfully requests a judgment be entered by this Court in favor of Plaintiff, and against Defendant, finding that Defendant violated the FDCPA and awarding Plaintiff relief, including:

a. statutory damages of $1,000;

b. actual damages;

c. prejudgment and/or post-judgment interest as permitted by law;

d. costs and reasonable attorneys' fees; and

e. Such other or further relief in Plaintiff's favor as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts so triable.

DATED: May 10, 2017

Respectfully Submitted,

By: /s/ Nathan D. Sturycz

Nathan D. Sturycz, #6302061
100 N. Main, Suite 11
Edwardsville, IL 62025
Phone: 877-314-3223
Fax: 314-667-2733
nathan@sturyczlaw.com
*Attorney for Plaintiff*